AO 472 (Rev. 11/16; DC 1/19) Order of Detention
_____

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.   25-mj-175 |
| Lorenzo Greene ) | |
| _____ ) | |
| *Defendant* | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
**(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☑ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☑ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis, with the evidence or argument presented by the defendant summarized in Part III.C.

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

**OR**

☑ The defendant has not presented sufficient evidence to rebut the presumption. Moreover, after considering the presumption and the other factors discussed below, detention is warranted for the reasons summarized in Part III.

## Part III - Analysis and Statement of the Reasons for Detention

A. After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- ☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.
- ☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

B. In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- ☑ Weight of evidence against the defendant is strong
- ☑ Subject to lengthy period of incarceration if convicted
- ☑ Prior criminal history
- ☑ Participation in criminal activity while on probation, parole, or supervision

AO 472 (Rev. 11/16; DC 1/19) Order of Detention

- ☑ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- ☐ Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties
- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

**C. OTHER REASONS OR FURTHER EXPLANATION:**

The defendant's evidence/arguments for release:

See addendum

Nature and circumstances of offense:

See addendum

The strength of the government's evidence:

See addendum

The defendant's history and characteristics, including criminal history:

See addendum

The defendant's dangerousness/risk of flight:

See addendum

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 09/11/2025                              G. Michael Harvey
                                              United States Magistrate Judge

# U.S. v. Greene, 25-mj-175—Detention Order Addendum

**PROCEDURAL HISTORY**

Defendant Lorenzo Greene was charged by complaint on August 26, 2025, with Possession of a Firearm in Furtherance of a Crime in violation of 18 U.S.C. § 924(c)(1)(a)(i),[1] Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1), and Possession of a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. § 841(a)(1). At the detention hearing on August 29, 2025, the government argued for Defendant's detention, while Defendant argued for his release. At the conclusion of the detention hearing, the Court granted the government's motion, finding that consideration of the four Bail Reform Act factors militate in favor of Defendant's pretrial detention. This memorandum memorializes the ruling the Court delivered in open court on August 29, 2025.

**DEFENDANT'S ARGUMENT FOR RELEASE**

Defendant requested that the Court release him on conditions to include home incarceration at his mother's home with his mother acting as a third-party custodian. As to the nature and circumstances of the offense, Defendant noted that he did not know that he was fleeing from law enforcement because they were in unmarked cars, and he did not see their lights or hear their sirens. Defendant acknowledged that he has two prior convictions for gun charges. But he argued that conditions could be imposed to ensure safety to the community and his return to court. He stressed that he is young—only 21 years old—and has a history of satisfactorily completing past periods of supervision. As to the drugs and drug paraphernalia allegedly recovered from Defendant's car at the time of the incident, Defendant argued that the government's evidence is weak as to both the amount of drugs recovered and Defendant's possession of them.

**NATURE AND CIRCUMSTANCES OF OFFENSE**

This factor weighs heavily in favor of detention. According to the government's proffer, Defendant was driving in a car with stolen tags and when officers activated their lights and sirens and attempted to pull over the car, Defendant fled. Defendant drove recklessly while he was being pursued, which resulted in his car crashing into another law enforcement vehicle. Defendant then attempted to flee on foot, which resulted in an altercation between him and the officers until Defendant ultimately was taken into custody. Officers found a loaded gun on Defendant's person—in his waistband—with an extended magazine and what appeared to be an obliterated serial number. Inside Defendant's car, in the front passenger seat, officers found a quantity of marijuana that exceeded the amount of simple possession under D.C. law, a scale, packaging materials, and cash, which altogether suggest that Defendant had the intent to distribute the marijuana.

---

[1] Section 924(c) criminalizes possession of a firearm in furtherance of "a crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The Complaint does not specify the underlying crime intended to support this Count, *see* ECF No. 1, but the Court notes that violations of 18 U.S.C. § 922(g)(1) have been held not to be crimes of violence. *See, e.g.*, *United States v. Anderson*, 177 F. Supp. 3d 458, 463 (D.D.C. 2016) (noting that "our court of appeals" has found that possession of a firearm by a convicted felon "is not a crime of violence under the Bail Reform Act" (citing U.S. v. Singleton, 182 F.3d 7, 14 (D.C. Cir. 1999))).

Defendant faces serious charges that carry with them significant periods of incarceration if convicted. A conviction under 18 U.S.C. § 922(g)(1) carries with it up to 15 years in prison. *See, e.g.*, *United States v. Blackson*, No. 23-cr-25, 2023 WL 1778194, at *7 (D.D.C. Feb. 6, 2023) ("This is a serious crime, for which defendant is facing a term of imprisonment, if convicted, of 'not more than 15 years[.]'" (quoting 18 U.S.C. 924(a)(8)), *aff'd*, No. 23-3020, 2023 WL 2663034 (D.C. Cir. Mar. 28, 2023); *United States v. Hardy*, No. 20-cr-273, 2021 WL 706547, at *2 (D.D.C. Feb. 23, 2021) (similar). A conviction under 18 U.S.C. § 924(c)(1)(a)(i) carries with it a mandatory minimum incarceration period of five years in addition to the punishment provided for the underlying crime of drug trafficking. *See* 19 U.S.C. § 924(c)(1)(A)(i).

The Court finds the nature and circumstances of the offense—an individual with prior convictions for offenses involving guns possessing a loaded firearm in a public place along with distribution quantities of drugs and while fleeing from law enforcement—indicate that Defendant would be a danger to the community on pretrial release. Judges of this Court have consistently recognized the inherent dangerousness of felons carrying a loaded firearm in public. *See Blackson*, 2023 WL 1778194, at *7 (finding that illegal possession of a loaded, concealed firearm "with easy, quick access in the front waistband of defendant's pants, while out in public, poses an inherent risk of danger to the community"); *United States v. Gassaway*, No. 21-cr-550, 2021 WL 4206616, at *3 (D.D.C. Sep. 16, 2021) ("This Court agrees with other courts in this district that unlawfully carrying a concealed or loaded firearm in public poses a risk of danger to the public."); *United States v. Howard*, No. 20-mj-181, 2020 WL 5642288, at *3 (D.D.C. Sep. 21, 2020) ("Illegally possessing a concealed firearm in public where other people are congregated, as alleged, poses an inherent risk of danger to the community."). Here, in addition to the loaded gun, Defendant possessed distribution-level amounts of marijuana along with paraphernalia consistent with distribution. Numerous courts—including the Supreme Court—have recognized that "drugs and guns are a dangerous combination." *United States v. Brown*, 538 F. Supp. 3d 154, 169 (D.D.C. 2021) (quoting *Smith v. United States*, 508 U.S. 223, 240 (1993)).

In sum, Defendant recklessly fled from law enforcement while carrying a loaded gun, drugs, and drug paraphernalia. That is unquestionably dangerous conduct. Accordingly, this factor weighs heavily in favor of pretrial detention.

**STRENGTH OF THE GOVERNMENT'S EVIDENCE**

This factor also weighs in favor of detention. The government has proffered that there is body-worn video evidence to support its allegations against Defendant and there are multiple officers to testify to the circumstances underlying Defendant's arrest.

Accordingly, this factor weighs in favor of pretrial detention.

**DEFENDANT'S HISTORY AND CHARACTERISTICS**

This factor also weighs in favor of detention. Although Defendant is young, he has been convicted twice for crimes related to unlawful possession of a firearm. Here, less than a year later, Defendant

has been found in possession of another gun. This pattern of consistently possessing a gun when it is unlawful for him to do so is very troubling.

Additionally, Defendant in fact has a spotty history of compliance with conditions of supervised release. According to the Pretrial Services Report, Defendant's post-conviction supervised release in his first firearm case was revoked to incarceration, apparently because during that time he picked up his second firearm conviction. The Court acknowledges that Defendant's supervision in the second case appears to have been terminated successfully. But less than a year after Defendant's release in that case, he now faces a third firearm charge—this one associated with alleged possession of drugs with intent to distribute. This indicates Defendant's unlawful behavior is accelerating and does not instill confidence that he would comply with conditions of release, if imposed here.

More, Defendant is subject to a presumption of dangerousness, which he has not rebutted. For that reason and the reasons detailed above, this factor weighs in favor of detention.

**DEFENDANT'S DANGEROUSNESS/RISK OF FLIGHT**

This factor also weighs in favor of detention. For the reasons already stated, including the government's allegations and Defendant's criminal history, it is clear to the Court that Defendant represents a danger to the community because of his criminal conduct involving violence, firearms, and drugs.

**CONCLUSION**

The Court concludes that Defendant has not rebutted the presumption that he would be a danger to the community if released on conditions. Even if he had, the government has demonstrated by clear and convincing evidence that Defendant's release would pose a danger to the community that no combination of release conditions could reasonably mitigate.

Defendant is ordered detained pending trial in this matter.